UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES E. GANDY, | )<br>)<br>) |
| Plaintiff, | ) No. CV-13-334-LRS<br>) |
| v. | ) **ORDER OF DISMISSAL**<br>) |
| STATE OF WASHINGTON,<br>DIVISION OF CHILDREN AND FAMILY<br>SERVICES OF PEND OREILLE<br>COUNTY, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

The *pro se* Plaintiff has been allowed to file his Complaint *in forma pauperis* subject to review by the undersigned for legal sufficiency.  (ECF No. 3). This is a 42 U.S.C. §1983 action in which the Plaintiff alleges his federal constitutional rights have been violated during the course of what appear to be ongoing child dependency proceedings in Pend Oreille County Superior Court.

**I.  ABSTENTION**

*Younger* abstention is proper where: (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982).  The "policy objective behind *Younger* abstention is to

**ORDER OF DISMISSAL-**            1

avoid unnecessary conflict between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). *Younger* permits "state courts to try state cases free from interference by federal courts," particularly where the party to the federal case may fully litigate his claim before the state court." *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281 (1975). *Younger* "generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997).

"Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371 (1979). "[D]omestic relations [is] an area that has long been regarded as a virtually exclusive province of the States." *Sosna v. Iowa*, 419 U.S. 393, 404, 95 S.Ct. 553 (1975). "In addition, a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12, 97 S.Ct. 1211 (1977). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which state courts have a special expertise and experience." *Id*.

Ongoing dependency proceedings in Pend Oreille County Superior Court implicate important state interests. Plaintiff has an adequate opportunity in those proceedings to raise his constitutional claims. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519 (1987). If Plaintiff is dissatisfied with the results in Pend Oreille County Superior Court, he can seek review of the constitutionality of the dependency proceedings in the Washington Court of Appeals and/or the

**ORDER OF DISMISSAL-**        2

Washington Supreme Court. If Plaintiff is dissatisfied with his results in the state courts, he can petition the United States Supreme Court through a writ of certiorari for a review of the constitutionality of the dependency proceedings. *See* 28 U.S.C. §1257(a).

All of the requirements of the *Younger* abstention doctrine are met here. Indeed, the Ninth Circuit has specifically held that a civil rights action alleging that a state court judge violated the due process rights of the plaintiff in a child custody battle "is precisely the type of case suited to *Younger* abstention." *Koppel*, 203 F.3d at 613. *See also Safouane v. Fleck*, 226 Fed. Appx. 753, 758-59 (9th Cir. 2007) and *Belinda K. v. County of Alameda*, 2012 WL 273661 (N.D. Cal. 2012) (both involving dependency proceedings). The *Younger* doctrine has been extended to juvenile dependency proceedings, and even to Indian Child Welfare Act claims in such proceedings. *Belinda K.* at *3, citing *Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371 (1979) and *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996). Accordingly, assuming there are ongoing dependency proceedings in Washington state courts, the *Younger* abstention doctrine requires dismissal of Plaintiff's civil rights claims.

## II.  *ROOKER-FELDMAN*

If the state court dependency proceedings are not "ongoing" and the Plaintiff is attempting to challenge prior proceedings, such a claim is barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana v. Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (2002). Under this doctrine, a federal district court does not have jurisdiction to hear a direct appeal from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The *Rooker-Feldman* doctrine applies to *de facto* appeals. *Id*. at 1158. "It is a forbidden *de facto* appeal under *Rooker-Feldman*

**ORDER OF DISMISSAL-**          3

when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from a judgment of that court." *Id*. at 1163. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court." *Id*. at 1164.

## III. INDIVIDUAL DEFENDANTS

Even if Plaintiff's action, as a whole, were not precluded because of the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine, most, if not all, of the named Defendants are entitled to immunity or cannot be sued under §1983 because they did not act under color of state law.

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . A judge loses absolute immunity only when he acts in clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). The Pend Oreille County judges (Judge Nielson and Judge Van de Veer) named as Defendants by Plaintiff are entitled to judicial immunity for their "judicial acts," even if those acts were erroneous, done maliciously, or in excess of judicial authority." *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999), citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

Likewise, the Assistant Attorney General (Mr. Carlson) named as a Defendant by Plaintiff is entitled to prosecutorial immunity for his acts during the course of the dependency proceedings. "[A] state prosecuting attorney who act[s] within the scope of his duties" is not amenable to suit under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial which occur in his role as an advocate for the State, are entitled to the protections of

**ORDER OF DISMISSAL-        4**

absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993). Activities intimately connected with judicial proceedings and for which immunity will apply include making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers, *Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991), and conferring with witnesses and allegedly inducing them to testify falsely, *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). Allegations of, for example, malicious prosecution, conspiracy to predetermine the outcome of a proceeding, or destruction of evidence are subject to dismissal on grounds of prosecutorial immunity. *See e.g., Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984).

Witnesses in judicial proceedings are absolutely immune from lawsuits based on their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 331-32, 103 S.Ct. 1108 (1983). Plaintiff names a social worker (Ms. Warren) and guardian ad litem (Ms. Bentle) as Defendants. These individuals were involved in the subject dependency proceedings. To the extent Plaintiff seeks to hold them liable for their testimony in those proceedings, they are immune from suit.

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a . . . proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law). He or she "works under canons of professional responsibility that mandate his [or her] exercise of independent judgment on behalf of the client" and the Constitution requires that the state "respect the professional independence of the public defenders whom it engages." *Id*. at 321-22. Thus, although a public defender may be paid by the state, when advocating on behalf of his or her client,

**ORDER OF DISMISSAL-        5**

his or her responsibilities entail "functions and obligations in no way dependant on state authority." *Id*. at 318.  Accordingly, Plaintiff does not have a cognizable §1983 claim against Ms. McCroskey for inadequate representation which allegedly resulted in violations of his constitutional rights.

## IV.  CONCLUSION

Based on the foregoing, and pursuant to 28 U.S.C. §1915(e)(2)(B), the *pro se* Plaintiff's Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  An amendment of the Complaint cannot cure the deficiencies discussed herein.

Pursuant to 28 U.S.C. §1915(a)(3), it is hereby **CERTIFIED** that any appeal from this Order Of Dismissal is not taken in good faith.

**IT IS SO ORDERED.**  The District Executive shall enter judgment accordingly, forward copies of the same to Plaintiff, and close the file.

**DATED** this      23rd      day of September, 2013.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL-**          6